GEORGE HENDERSON et al., Appellees, v. S. N. MAASKANT, Appellant.

**VENDOR AND PURCHASER:** Rescission—Fraud—Sufficiency of Evidence. Evidence held to justify a decree of cancellation of an exchange of lands, on the ground of fraud of the defendant and his agent.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

MAY 11, 1921.

ACTION in equity, to cancel and set aside a contract for the purchase of real estate and a deed conveying a certain residence property to the defendant. Decree as prayed, and defendant appeals.—*Affirmed.*

*C. Ver Ploeg* and *George C. True,* for appellant.

*Burrell & Devitt,* for appellees.

ARTHUR, J.—On March 13, 1919, S. N. and A. Maaskant, husband and wife, entered into a written contract with Leo R. and Ida Henderson, by the terms of which they agreed to convey to Leo a certain tract of real estate in Mahaska County, containing 136 acres, for a consideration of $31,199, to be paid as follows: $1,000 by a note, due April 1, 1919; $3,000 by the conveyance of Lots 217, 218, and 219, in the town of Rose Hill, Iowa, subject to a mortgage of $2,000, due March 1, 1921; $3,000 cash, on or before April 1, 1919, and before possession of the farm should be given; and the balance by assuming and agreeing to pay a mortgage of $11,800, and by a second mortgage on said land for $12,399, due March 1, 1922. Simultaneously with the signing of said contract, plaintiffs executed and delivered a warranty deed, conveying the Rose Hill property to the defendant.

Plaintiffs allege in their petition that they were inexperienced in business; that one Bensmiller, the agent of defendant for the sale of said farm, represented to Leo Henderson that he had received an offer of $226 per acre for the farm; that he could sell it for $250; that one Guy James, a brother-in-law of plaintiff's, interested with Bensmiller, urged plaintiffs to enter into the contract and to convey the Rose Hill property, which they occupied as a homestead, to the defendant as a part of the purchase price of the farm; and that they did not know that the defendant had not been offered $226 per acre for the farm, and that it could not be sold for $250 per acre, at the time of signing the contract and conveying their homestead to the defendant; but that they, too, believed said representations and relied thereon.

The evidence shows that the Rose Hill property was not worth to exceed $1,500, and that it was already incumbered by a mortgage of $500, upon which the interest was considerably in arrears. There is some controversy in the evidence as to the exact relation of James to the transaction, but we think it may be fairly inferred therefrom that he was interested with Bens-

miller as agent for the defendant. Plaintiffs were without business experience or capacity, while Leo could not cope with Bensmiller and James, who must have known that the deal on his part was improvident; that the price of $5,000 allowed for the homestead was grossly excessive, and that the probable effect of the consummation of the contract would be that plaintiffs would lose their property, and receive nothing in return. Mrs. Henderson testified that, at the time she signed the deed, she thought it was a part of the contract, and did not know that she was thereby joining in a conveyance of her homestead to the defendant. It further appears from the evidence that the defendant agreed to carry Leo, who desired to purchase stock and implements at defendant's sale, for $500. Leo did purchase some stock and machinery at the defendant's sale, tendering his note to the defendant for $500 therefor, but he refused to accept it without a mortgage on the property. Nothing further was done by Leo to carry out the terms of the contract, by which possession was to be given him on April 1st; and on April 2d, the defendant served a written notice of forfeiture upon plaintiffs and Leo, and, as we understand the record, plaintiffs later notified the defendant of their election to rescind the contract, and demanded a reconveyance of the residence property. A copy of this notice does not appear in the record.

The defendant, in his answer, alleged that he advertised and sold his personal property at public sale, in reliance upon the contract entered into with Leo, and that he was compelled to repurchase implements, machinery, and stock for the purpose of farming the land in 1919 at a greatly increased cost; and claims damages in the sum of $500.

We think it manifest that Bensmiller, the agent of the defendant, and James overreached plaintiffs in the transaction. Mrs. Henderson testified that James insisted upon their making the deal, repeatedly calling her residence by telephone; that plaintiffs were not informed as to the character or value of the farm; that they were deceived as to the value of the farm. They received nothing for their homestead, and the showing made by the defendant as to the damages which he claims were suffered is not persuasive. The equities of the case are with the plaintiff. It may be that the affirmative showing alone, as to

the fraudulent representations, is not such as to justify the decree in the court below; but we are convinced that, when the record is considered as a whole, the conclusion of the court is just and equitable, and should be upheld. It is unnecessary to review the evidence in greater detail. We are satisfied with the decree of the lower court, and it is, therefore,—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.